UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SCOTT LONGHI,<br><br>Defendant. | Case No. 1:13-cr-00115-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Michael Scott Longhi's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release. (Dkt. 267.) For the reasons set forth below, the Court denies the motion.

# BACKGROUND

Longhi was convicted of conspiracy to distribute more than 500 grams of methamphetamine following entry of a guilty plea. The offense stems from a traffic stop in April 2013 when Longhi and a co-defendant were returning from California with 1,805.87 grams of methamphetamine, $3,500 in U.S. currency,

hydrocodone, a .22 handgun and 40 rounds of ammunition. (Dkt. 117.) Longhi admitted to investigators that half of the methamphetamine was his. (*Id.*) He also admitted to selling eight pounds of methamphetamine in the previous three months and profiting between $20,000 and $40,000 in the previous two months. He stated that he hid $30,000, but refused to provide investigators with the location of it. He denied possessing the firearm. (*Id.*)

On December 10, 2013, he was sentenced to 188 months of imprisonment, which was at the low end of the sentencing guidelines range. (Dkt. 134.) On November 17, 2015, the Court reduced Longhi's sentence to 151 months pursuant to 18 U.S.C. § 3582(c)(2). Longhi's projected release date is April 22, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed Nov. 28, 2022).

Longhi is now before the Court seeking compassionate release, contending extraordinary and compelling reasons exist for his release based on his health conditions and risks he faces if infected by COVID-19.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, a court may grant a defendant compassionate relief only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with

applicable 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). The defendant bears the burden of establishing his or her eligibility for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) ("[I]t was Wright's burden to establish his eligibility for compassionate release. . . .").

## ANALYSIS

Longhi has submitted information indicating that he has exhausted his administrative remedies (Dkt. 267), and the Government does not dispute that he has done so. Longhi's motion is thus ripe for the Court's consideration.

Longhi contends that extraordinary and compelling reasons exist justifying his release because he suffers from various health conditions, including protein deficiencies; a genetic blood clotting disorder and history of blood clots in his lungs and legs that have happened on multiple occasions during his life; and his taking Coumadin, a blood thinner.[1]

The Court was aware of Longhi's health conditions at the time of sentencing. As the presentence report explained, Longhi has a genetic blood

---

[1] The medical records submitted by the Government indicate that Longhi is on the blood thinner Warfarin, which is known by the brand name Coumadin. *See* https://www.webmd.com/dvt/warfarin-heparin-comparison (last accessed November 30, 2022).

clotting disorder caused by a protein deficiency; at the age of 23, he lost half of his right lung from a pulmonary blood clot; at the time of his arrest, his entire left leg was purple from clots; and he took Coumadin as needed. (Dkt. 117, ¶ 69.) There is no evidence that Longhi's medical conditions are not being adequately and appropriately managed during his incarceration.

Longhi cites concerns regarding the risk of infection by COVID-19 in light of his medical conditions, and specifically his genetic blood clotting disorder. The CDC does not list a genetic blood clotting disorder as a risk factor, but does list pulmonary embolism (blood clot in the lungs) as making it more likely that an individual will get very sick from COVID–19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 30, 2022). However, the Court does not find any increased risk created by Longhi's blood clotting disorder to constitute extraordinary and compelling reasons justifying his compassionate release.

Longhi is currently housed at the Federal Correctional Institution II at Butner, North Carolina. According to the Bureau of Prisons, there is currently only one staff member infected with COVID- 19 at this facility, and no inmates are infected. *See* https://www.bop.gov/coronavirus/ (last accessed November 30, 2022). There is no evidence that Longhi is at greater risk of infection due to his

incarceration at this facility than he would be were he to be released.

Further, Longhi has refused to receive a COVID-19 vaccination. In explaining this refusal, Longhi has cited to concerns about his blood clotting disorder. However, according to the CDC, the risk of blood clots as a result of vaccination is not only rare, but is also only associated with the Johnson & Johnson COVID-19 vaccination. Blood clots are not listed as a known side effect of the Moderna and Pfizer vaccines. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/adverse-events.html (last accessed 11/30/2022).

Under these circumstances, the Court finds that although Longhi suffers from medical conditions that may place him at higher risk of becoming seriously ill if he were to be infected by COVID-19, he has not met his burden of demonstrating extraordinary and compelling reasons warranting his compassionate release.

Finally, even if Longhi had made a showing of extraordinary and compelling reasons for his compassionate release, the Court is unpersuaded that the requested reduction in his sentence would be consistent with consideration of the applicable § 3553(a) factors.

Longhi has submitted evidence of the many hours of courses he has taken during his incarceration. While his efforts at rehabilitation are commendable, these

efforts do not override the Court's consideration of the other applicable § 3553(a) factors as discussed below.

Longhi was convicted of a drug trafficking offense involving large quantities of methamphetamine. He and his co-defendant were transporting the methamphetamine from California to Idaho when they were arrested, and his co-defendant possessed a firearm. Longhi also has a long criminal history, beginning in his youth. During a previous period of incarceration, Longhi assaulted another inmate, caused property damage, and threatened to kill his family and the judge.

During his present term of incarceration, Longhi's problem behavior has continued. He has been sanctioned for possessing a stinger; possessing drugs/alcohol; threatening bodily harm to an officer; assaulting an officer by throwing a cup of feces and urine on that officer; destroying property in his cell; resisting staff; breaking cell windows; possessing a dangerous weapon (a knife); and fighting with another inmate. (*See* Dkt. 273-2.) The most recent incident of which the Court is aware—the possession of the stinger—was in May 2022, just months before Longhi filed his motion for compassionate release.

Under these circumstances, the Court finds that Longhi has failed to demonstrate that a reduction in his sentence would be consistent with the Court's consideration of the applicable § 3553(a) factors.

## ORDER

**IT IS ORDERED** that Defendant Michael Scott Longhi's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release (Dkt. 267) is **DENIED**.

DATED: December 1, 2022

_____
B. Lynn Winmill
U.S. District Court Judge